**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CURTIS HARDY,**

**Petitioner,**

**v.** **Civil Action No. 3:15cv86**
**(GROH)**

**C. WILLIAMS, Warden,**[1]

**Respondent.**

**REPORT AND RECOMMENDATION**

On July 15, 2015, the *pro se* Petitioner, an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition under 28 U.S.C. § 2241, attaching a 49-page typewritten memorandum in support and 19 pages of exhibits, and challenging his convictions in the Southern District of Mississippi. Along with his petition, he filed a motion for leave to proceed *in forma pauperis* ("IFP"). Because Petitioner had not filed a copy of his Prisoner Trust Account ("PTAR") with its Ledger Sheets, the Clerk of Court issued a Notice of Deficient Pleading. By Order entered July 20, 2015, Petitioner's over-large memorandum in support, filed without leave of court, was struck and he was directed to file a more reasonably-sized memorandum along with a motion to exceed the page limits. Petitioner moved for an extension of time. By separate Orders entered August 12, 2015, Petitioner was directed to show cause why his case should not be dismissed for failure to comply with the deficiency notice and the spelling of Respondent's name was corrected on the docket, and Petitioner's request for an extension of time was granted. On September 1, 2015, Petitioner responded to the show cause order and filed his PTAR. On September 2, 2015, Petitioner moved for a second extension of time in which to re-file his

[1] At the time petitioner filed his §2241 petition, Charles Williams was the warden at FCI Gilmer. Subsequently, Jennifer Saad was named as warden of FCI Gilmer. Pursuant to Fed.R.Civ.P. 25(d)(1), Jennifer Saad is automatically substituted as the respondent in this action.

memorandum in support. By separate Orders entered the same day, the second extension was granted and Petitioner was granted leave to proceed IFP but directed to pay the $5.00 filing fee. On October 13, 2015, Petitioner filed a motion to exceed the page limit along with his revised memorandum in support and a copy of a Request for Withdrawal of Inmate's Personal Funds. By Order entered October 14, 2015, Petitioner's motion to exceed the page limits was granted. Petitioner paid the $5.00 filing fee on October 20, 2015. On October 26, 2015, Petitioner filed copies of certain exhibits.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History

### A. Conviction and Sentence

On April 7, 2003, Petitioner was arrested on a criminal Complaint in the Southern District of Mississippi. On April 23, 2003, he was charged in a two-count indictment as follows: Count One, Bank Robbery by Force or Violence, in violation of 18 U.S.C. 2113(a) & (d); and Count Two: illegal use of a firearm in the commission of bank robbery, in violation of 18 U.S.C. 924(c)(1). (S.D. Miss. ECF No. 8) (3:03cr68-1).

On July 11, 2003, after a two-day jury trial, Petitioner was convicted on both charges. On October 3, 2003, he was sentenced to 300 months imprisonment on the bank robbery charge and 84 months imprisonment on the illegal use of a firearm in the commission of bank robbery charge, the sentences to be served consecutively, for a total sentence of 384 months imprisonment (32 years); followed by a 5-year term of supervised release on Count One and a 3-year term of supervised release on Count Two; payment of $200.00 in special assessment and $1,000.00 restitution. (S.D. Miss. ECF No. 40 and 41) (3:03cr68-1).

**B. Direct Appeal**

On appeal, Hardy contended that his conviction and sentence should be reversed because trial counsel failed to argue that Hardy was right-handed, while the evidence suggested that the bank robber was left-handed. Finding the record insufficiently developed to evaluate the claim, the Fifth Circuit declined to address it, noting that Petitioner could raise such claims of ineffective assistance later in a § 2255 motion. Next, the Fifth Circuit disagreed with Petitioner's contention that the district court erred in denying his motion to suppress evidence found in his girlfriend's apartment at the time of his arrest. Petitioner's appellate brief was directed solely to the court's conclusion that Petitioner's girlfriend voluntarily consented to the search; he argued that the search was invalid because it resulted from an illegal arrest and because the girlfriend was not advised that she could decline to consent to the search. The Fifth Circuit noted that even if the court had erred by concluding that Hardy's girlfriend voluntarily consented to the search, Hardy had abandoned this argument by failing to raise any argument on appeal challenging the district court's alternative ruling that exigent circumstances justified the search. Accordingly, by unpublished *per curiam* opinion issued on June 22, 2004, the Fifth Circuit Court of Appeals affirmed Hardy's conviction and sentence. Hardy v. United States, 101 Fed. Appx. 959 (5th Cir. 2004. Petitioner's motion for rehearing was denied on August 13, 2004. The United States Supreme Court denied *certiorari* on January 28, 2005. Hardy v. United States, 543 U.S. 1072, 125 S.Ct. 918, 160 L.Ed.2d 809 (2005).

**C. §2255 Motions**[2]

On December 27, 2005, while incarcerated at USP Beaumont, in Beaumont, Texas, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255.[3] ECF No. 52. By Order entered

[2] The citations to the docket in this section refer to petitioner's underlying criminal case in the District Court for the Southern District of Mississippi (Case No. 3:03cr68-1), unless otherwise specified.

February 28, 2007, the District Court denied the §2255 motion. ECF No. 73. On July 16, 2007, Petitioner's letter requesting a status update on his § 2255 motion was docketed and another copy of the Order denying his § 2255 motion was sent to him that day.[4] ECF No. 74. On August 2, 2007, Petitioner moved for an extension of time in which to file for a certificate of appealability ("COA"). ECF No. 75. On October 16, 2017, Petitioner moved for a COA [ECF No. 76] and filed a notice of appeal [ECF No. 81] in the sentencing court. On October 17, 2007, the Clerk of Court for the Southern District of Mississippi docketed an address change for Petitioner.[5] ECF No. 77.

On January 9, 2008, Petitioner filed a letter motion for a status update on his motion for an extension of time to reopen the time for file for a COA. ECF No. 79. On March 19, 2008, Petitioner filed a second letter motion requesting a status update on his motion for an extension of time to reopen the time for file for a COA. ECF No. 80.

By Order entered June 5, 2008, Petitioner's motion for a COA was denied by the District Court on the grounds that there was a "[f]ailure to state a constitutional claim for which habeas corpus relief may issue; counsel's assistance [was] not ineffective;[and] procedural bar applied to appropriate claims." ECF No. 82. By Order entered on June 27, 2008, Petitioner's motion for an

---

[3] Hardy's original §2255 motion raised fourteen issues, mostly related to ineffective assistance of counsel, but also asserting that: the United States failed to disclose critical evidence; the court improperly denied him an evidentiary hearing; his consecutive sentences constitute double jeopardy; and that he suffered cumulative prejudice from the court's errors and counsel's performance. Subsequently, Hardy moved to supplement, arguing that the court abused its discretion by allowing the government to present a rebuttal witness; the prosecutor improperly "vouched" for his witnesses during closing argument; the trial court improperly excluded evidence that another individual was the bank robber; insufficient evidence existed to support the conviction; and that an evidentiary hearing should be conducted. He then moved to supplement again, contending that the United States suppressed exculpatory evidence by failing to produce Hardy's cousin's criminal history prior to trial. Hardy then moved for a final supplement, urging the court to consider all of his claims as structural errors not susceptible to a harmless error review.

[4] Petitioner was still incarcerated at USP Beaumont when he requested the status update.

[5] Petitioner, who had been incarcerated at USP Beaumont in Beaumont, Texas, was now incarcerated at FCI Memphis in Memphis, Tennessee.

extension of time to file for a COA and his January 9, 2008 motion for status update were denied as moot.

By *per curiam* opinion entered September 9, 2008, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal of his §2255 motion as untimely filed and for lack of jurisdiction. ECF No. 83.

On September 10, 2009, in the sentencing court, Hardy filed a motion seeking relief from judgment and requesting the reopening of his § 2255 motion, on the grounds that he never received the February 28, 2007 Order denying his § 2255 motion until July 19, 2007 when the time to appeal had already passed. ECF No. 85. On June 15, 2011, he filed a memorandum in support of the motion. ECF No. 86. One day later, he filed attachments and exhibits to the memorandum in support. ECF No. 87. On August 20, 2012, Hardy filed a motion for relief from judgment. (ECF No. 88). He filed another motion for relief from judgment on October 3, 2012. ECF No. 89. On October 16, 2012, Hardy sent a letter to the Clerk of Court, inquiring about the status of his motion for relief from judgment. ECF No. 90. On March 8, 2013, in the Fifth Circuit Court of Appeals, Hardy filed a petition for mandamus, complaining of delay in the District Court's adjudication of his motions. (5th Cir. 00512169110)(13-60151). On April 1, 2013, Hardy filed a motion for *nunc pro tunc* review in the District Court. ECF No. 92. By Order entered June 28, 2013, Hardy's motions for relief from judgment and for *nunc pro tunc* review were denied. In that Order, the Court noted that

> Hardy has the burden of proof on whether he timely received this court's order denying habeas relief. Although Hardy has sworn under penalty of perjury that he [never] received a copy of this court's order denying his § 2255 relief . . . [until] July 19, 2007, this court prefers proof of a different sort. As suggested by the government, Hardy may submit a certified copy of the mail log from the correctional institute where he was confined in 2007. . . The court will consider revisiting this matter if Hardy provides this court with competent proof that he

> received on July 19, 2007, a copy of this court's order denying his § 2255 relief [sic].

ECF 96 at 11. On July 11, 2013, Hardy filed a Motion for Reconsideration of the Order denying his motions for relief of judgment and for *nunc pro tunc* review. On August 12, 2013, the 5th Circuit Court of Appeals denied his petition for mandamus as moot; further, it noted that "[t]he district court indicated its willingness to revisit the timeliness issue if Hardy provides competent proof, specifically a certified copy of the appropriate mail log, to show his late receipt of the order denying his § 2255 motion." (5th Cir. ECF No. 00512337992 at 2)(13-60151). Hardy filed a motion to reconsider the 5th Circuit's Order denying his petition for mandamus; it was denied by Order entered September 12, 2013.

On August 26, 2013, Hardy filed a notice of change of address with the District Court, indicating he was no longer at FCI Memphis, having been transferred to FCI Gilmer. ECF No. 100.

On August 27, 2013, Hardy filed a notice of appeal of the District Court's June 28, 2013 Order denying his motions for relief from judgment and for *nunc pro tunc* review. ECF No. 101.

On September 24, 2013, from FCI Gilmer, Hardy filed a Motion for Relief from Judgment Under the Principle of Equitable Tolling and Pursuant to Rule 36 Federal Rule of Criminal Procedure, attaching four copies of June and July, 2013 Inmate Requests to staff with staff responses, regarding his requests for copies of FCI Memphis mail logs from February and March 2007, attempting to prove that no copy of the District Court's original mailing of its February 28, 2007 Order denying his § 2255 motion was ever sent to him there.[6] ECF No. 104.

---

[6] See ECF No. 104-2. It is apparent from Hardy's filings on the docket that he remained at USP Beaumont until sometime between August 2, 2007 and October 17, 2007. When Hardy sent his August 2, 2007 motion for an extension of time to file COA, he was still at USP Beaumont. See ECF No. 75-2 at 5. He did not file an address change with the court. But when he filed his October 17, 2007 request for status update from FCI Memphis, the Clerk of Court noted he had a new address and changed it on the docket at that time. See ECF No. 77. Accordingly,

On November 19, 2013, in the District Court, Hardy filed a Motion to Hold in Abeyance Appeal Order 08-60320. ECF No. 108. By Order entered January 15, 2014, the District Court denied his motions for reconsideration of the February 28, 2007 Order denying his § 2255 motion and granted his Motion to Hold in Abeyance Appeal Order 08-60320. ECF No. 110.

On March 28, 2016, in the Fifth Circuit Court of Appeals, Hardy filed a § 2244 motion for authorization to file a successive § 2255 motion. (5th Cir. ECF No. 00513441266) (16-60185). By Order entered May 26, 2016, the Fifth Circuit granted the §2244 motion. ECF No. 112. Accordingly, on June 17, 2016, Petitioner filed his second Motion to Vacate under 28 U.S.C. §2255 in the sentencing court.[7] (S.D. Miss. ECF No. 114) (3:03cr68-1). As of the date of this Report and Recommendation, that motion is still pending.

## II. Claims Raised by Petitioner

Petitioner raises multiple grounds of ineffective assistance of counsel, contending that counsel was ineffective for:

1) failing to interview and subpoena one Debroski Rushing;

2) failing to present evidence to prove that the perpetrator was left-handed while Petitioner was right-handed;

3) failing to call eyewitness bank teller Shannon Kennedy;

4) failing to prepare for and challenge the government witness, Officer William and Childress [sic];

5) failing to object to the testimony of rebuttal witness, Shateeka Clincy;

6) failing to develop a defense;

---

the original copy of the February 28, 2007 Order denying his §2255 motion would have been sent to him at USP Beaumont, not FCI Memphis.

[7] Petitioner's latest §2255 motion argues that because he was sentenced as a career offender, he is entitled to relief pursuant to the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

7) failing to investigate the crime scene;

8) sentencing counsel was ineffective;

9) appellate counsel was ineffective;[8]

Petitioner also contends that

10) the United States failed to disclose critical evidence;

11) "this court[9] improperly denied the Petitioner an evidentiary hearing;"

12) Petitioner's consecutive sentences constitute double jeopardy; and

13) Petitioner suffered cumulative prejudice from the court's errors and counsel's performance. ECF No. 1 at 6.

As relief, Petitioner requests that this court "remand" his case for further proceedings and an evidentiary hearing. ECF No. 1 at 9.

Petitioner asserts that his remedy by way of §2255 is inadequate or ineffective because his "2255 was foreclosed due to clerical error denying Petitioner to proceed any further of [sic] 2255 [sic] proceedings." Id. at 10. He alleges that in this petition, he relies "entirely upon Newly Discovered Evidence Of [sic] Actual Innocence, Ineffective Counsel and Due Process Violations." ECF 21 at 2. He argues that the sentencing court abused its discretion by refusing to equitably toll the time limits for him to appeal the denial of his § 2255 motion due to the court's own clerical error in not timely providing him with a copy of the Order denying his § 2255 motion when it was first entered.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

[8] Nowhere does petitioner explain how appellate counsel was ineffective.

[9] It is unclear which court Hardy refers to here; it appears that Hardy may have appended a list of claims already presented in another court to this §2241 petition.

recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**IV. Analysis**

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because Petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, Petitioner is entitled to file a §2241 petition if he can

demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[10]

Jones, 226 F.3d at 333-34.

In this case, Petitioner is not challenging the execution of his sentence, but instead, his conviction and the imposition of his sentence. In particular, he alleges he is "actually and factually innocent of his conviction and sentence due to ineffective assistance of counsel." ECF No. 21 at 2. Elsewhere, he asserts that the newly-discovered evidence he is presenting "will demonstrate his actual innocence and failure to meet the deadline to file COA appeal was due to circumstances wholly beyond his control, resulting . . . in the foreclosure of . . . [his] appeal, as Petitioner maintains his actual innocence of the instant offense." Id. at 6. Still further in his petition he avers that his "claim of innocence in the present case is procedural rather than substantive. His constitutional claims are based not on his innocence, but rather on his contention that the ineffectiveness of trial, sentencing, and appellate counsel . . . denied him . . . the full panoply of protection afforded to criminal defendants by the constitution." Id. at 12.

[10] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255 (h); see also Jones, 226 F.3d at 330.

Finally, Hardy introduces his newly-discovered evidence, a May 16, 2014 letter from the Bureau of Prisons, obtained in response to his March 17, 2014 Freedom of Information Act ("FOIA") request [ECF no. 1-2 at 13], wherein the BOP stated that

> . . . in response to your request for a copy of specific Federal Bureau of Prisons records pertaining to you. You requested a certified copy of your mail log while you were incarcerated at the United States Penitentiary in Beaumont, Texas. A thorough search has been conducted and no responsive documents were located in response to your request.

ECF No. 1-2 at 12.

Petitioner contends that this letter proves that the Clerk of Court for the Southern District of Mississippi "failed to mail a copy of the District Court [sic] February 28, 2007, 22255 proceeding . . . resulting in the foreclosure of Petitioner 2255 proceeding based on a failure to file Notice of Appeal in a timely fashion. ECF No. 21 at 7 – 8.

Petitioner cites to Gibbs v. Legrand,767 F.3d 879 (9th Cir. 2014) for the proposition that equitable tolling should be granted in his case. In Gibbs, Gibbs' attorney failed to keep him informed that his state post-conviction proceedings had ended even though he had promised to do so; Gibbs had repeatedly written to counsel for updates; the time in which to file a federal habeas petition was swiftly winding down; and Gibbs never learned that the time for him to file his federal petition had begun until the time was already expired. Thus, the attorney's misconduct was found to constitute abandonment, and was considered an extraordinary circumstance which prevented Gibbs from being able to timely file his federal petition under 28 U.S.C. § 2244(d). Here, however, Petitioner's reliance on Ninth Circuit law is inapposite, because Petitioner was convicted and sentenced in the Southern District of Mississippi, in the Fifth Circuit.

Petitioner appears to rely heavily on his §2255 (h)(1) gatekeeping claim of actual innocence. However, "'actual innocence' means factual innocence, not mere legal

insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). However, Petitioner has produced neither proof of factual or legal innocence. The only "newly discovered evidence" Petitioner produces is his purported proof that the first copy of the February 28, 2007 Order denying his § 2255 motion was never timely mailed to him at USP Beaumont. Petitioner's failure to timely receive a copy of an order denying post-conviction relief does not constitute "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense." §2255 (h)(1). Whether Petitioner received the order or not has no bearing whatsoever on his innocence of the crimes for which he was convicted.

Not only has Petitioner failed to demonstrate that he is actually innocent, the crimes to which Petitioner was convicted and for which he was sentenced are still crimes. Therefore, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§ 2113(a) & (d) and 924(c)(1) remain criminal offenses and, therefore, Petitioner cannot satisfy the second element of Jones. Because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Finally, even if the District Court for the Southern District of Mississippi did fail to timely provide Petitioner with a copy of the Order denying his first § 2255 motion, because Petitioner was not sentenced in this District, this Court has no jurisdiction to decide Petitioner's claims.[11] Moreover, even if Petitioner had properly filed this case in the correct venue, i.e., the Southern District of Mississippi, because he did not first obtain authorization to file a second or

[11] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

successive federal habeas petition from the Fifth Circuit Court of Appeals to bring the claims he now tries to raise here, the District Court for the Southern District of Mississippi would likewise be without authority to hear this case.[12]

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition (ECF No. 1) be **DENIED** and that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

**The Clerk of the Court is directed to correct the docket to reflect the name of Jennifer Saad as respondent instead of Charles Williams**. The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: July 25, 2016

[12] Pursuant to 28 U.S.C. § 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Because petitioner has recently filed a § 2244 motion with the Fifth Circuit to raise his Johnson claim, it is apparent that he is familiar with the procedure.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE