**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CURTIS J. HARDY,**

    Petitioner,

    v.                                         **CIVIL ACTION NO.: 3:15-CV-86**
                                                        **(GROH)**

**JENNIFER SAAD, Warden,**

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. Magistrate Judge Seibert issued his R&R [ECF No. 28] on July 25, 2016. In the R&R, the magistrate judge recommends that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R were due within fourteen days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). On August 10, 2016, the Petitioner mailed a motion to extend the objection deadline, which the Court granted. Subsequently, he timely filed objections to the R&R, which were received by the Court on September 13, 2016.

**I. Background**

The Petitioner's claims relate to a judgment and sentence imposed by the United States District Court for the Southern District of Mississippi on October 3, 2003, after a jury found the Petitioner guilty of bank robbery by force or violence and illegal use of a firearm in the commission of bank robbery.[1] On Count One, bank robbery by force or violence, the Petitioner was sentenced to 300 months of imprisonment. On Count Two, illegal use of a firearm in the commission of bank robbery, the Petitioner received 84 months of imprisonment. These sentences were to be served consecutively, for a total sentence of 384 months, followed by five years of supervised release on Count One and three years of supervised release on Count Two.

On appeal, the United States Court of Appeals for the Fifth Circuit affirmed the Petitioner's conviction and sentence. United States v. Hardy, 101 F. App'x 959 (5th Cir. 2004) (unpublished per curiam). Subsequently, the Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on January 10, 2005. Hardy v. United States, 543 U.S. 1072 (2005). The Petitioner filed his first motion to vacate his

---

[1] Information related to the Petitioner's underlying conviction is derived from criminal action number 3:03-CR-68-1 in the Southern District of Mississippi.

conviction and sentence under 28 U.S.C. § 2255 on December 27, 2005, which the Southern District of Mississippi denied on February 28, 2007. The Petitioner then filed an appeal, which the Fifth Circuit dismissed on September 9, 2008, for lack of jurisdiction and as untimely. More than seven years later, the Fifth Circuit granted the Petitioner authorization to file a successive § 2255 petition by Order dated May 26, 2016. Accordingly, on June 17, 2016, the Petitioner filed a second § 2255 petition in the Southern District of Mississippi, which is still pending.

The Petitioner filed the instant 28 U.S.C. § 2241 petition with this Court on July 15, 2015. In his petition, the Petitioner raises multiple claims for relief, including ineffective assistance of counsel, actual innocence and due process violations. He argues the Southern District of Mississippi abused its discretion by denying his motion for an extension of time to file an appeal regarding the court's denial of his first § 2255 petition. Additionally, he argues actual innocence of his Mississippi federal conviction.

On July 25, 2016, Magistrate Judge Seibert issued his R&R recommending that the petition be denied and dismissed with prejudice. The magistrate judge determined the Petitioner is seeking modification of his sentence, which is appropriate under § 2255 rather than § 2241. Further, the magistrate judge concluded the Petitioner does not fulfill any of the Jones requirements to show that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). As such, the magistrate judge found the Petitioner's claims inappropriate under § 2241 and, because the Petitioner was not sentenced in this District, this Court has no jurisdiction to decide the Petitioner's claims.

## II. Discussion

In his objections to the R&R, the Petitioner contends that a § 2255 petition is inadequate or ineffective because he was unable to timely file his appeal and his claim of actual innocence entitles him to relief. A prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). Here, the Petitioner contends that § 2255 relief is inadequate or ineffective because a clerical error on the part of the Southern District of Mississippi prevented him from timely filing his appeal and equitable tolling was not granted. However, this argument does not satisfy the prerequisites for finding § 2255 inadequate or ineffective. In Jones, the Fourth Circuit examined these prerequisites and concluded § 2255 inadequate and ineffective to test the legality of a conviction when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. Since these prerequisites were articulated, courts have focused on actual innocence of a criminal act when deciding cases. In other words, whether the acts for which the defendant was convicted are no longer criminal. See id. (finding Jones' conviction for use of a firearm during a drug offense invalid because Bailey v. United States, 516 U.S. 137 (1995), decriminalized the conduct for which Jones was convicted). Failing to timely file a § 2255 petition, regardless of any error made by the court, clearly does not satisfy this prerequisite, or any others, under Jones.

In regard to the Petitioner's claim of actual innocence, he "must first establish that he is entitled to review under § 2241 by meeting the Jones requirements," which, as articulated above, is something he cannot do. See Bender v. Carter, Civil Action No. 5:14CV35, 2014 WL 6775627, at *11 (N.D. W. Va. Dec. 2, 2014). Moreover, as evinced by the magistrate judge, even if the Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element. Accordingly, the Court **OVERRULES** the Petitioner's objections. Upon careful consideration of the remaining portions of the R&R to which no objections are raised, the Court finds no clear error.

### III. Conclusion

The representations that the Petitioner makes in his petition simply do not demonstrate that he is entitled to relief under 28 U.S.C. § 2241. Therefore, upon finding that the instant § 2241 petition is in actuality a motion to vacate under 28 U.S.C. § 2255, the Court agrees with the magistrate judge's recommendation that this Court lacks jurisdiction and the instant petition should be denied and dismissed with prejudice.

Accordingly, the Court **ORDERS** Magistrate Judge Seibert's Report and Recommendation [ECF No. 28] **ADOPTED** for the reasons more fully stated therein. The Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

Insofar as the Petitioner raises arguments that fall under § 2255, he has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket, enter a separate judgment in favor of the Respondent and transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** February 13, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE